IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIGIO LUNA MONTOYA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-1155-K (BT) |
| | § | |
| OFFICER MCOMMAS, *et al.*, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Eligio Luna Montoya, Jr. filed a civil complaint and motion for leave to proceed *in forma pauperis* (IFP). Compl. (ECF No. 3); IFP App. (ECF No. 4). But Plaintiff's IFP motion was incomplete. Plaintiff left blank the parts of the form asking for his spouse's employment history and the amount of money he and his spouse have in bank accounts or other financial institutions. IFP App. at 2. Accordingly, the Court issued an order and notice of deficiency (NOD) requiring Plaintiff to submit a complete and corrected IFP application by May 22, 2026. NOD (ECF No. 6). The Court warned Plaintiff that his failure to comply with the instructions in the NOD could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Plaintiff's deadline for compliance with the NOD has passed, but he has not complied with the Court's instructions or otherwise responded to the NOD.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Plaintiff's failure to either pay the filing fee or to submit a complete and corrected IFP application has prevented this action from proceeding. The Court is unable to tell from the information provided whether Plaintiff should be allowed to proceed IFP.

Thus, the District Judge should dismiss Plaintiff's case without prejudice for failure to prosecute and failure to follow Court orders unless he pays the filing fee or submits a complete and corrected IFP application within the time to object to this recommendation. *See*, *e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust

account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020).

## Recommendation

The District Judge should dismiss Plaintiff's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders unless he pays the full $405.00 filing fee or submits a complete and corrected IFP application within the time to object to this recommendation.

**SO RECOMMENDED.**

June 5, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.